## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

TECUMSEH PRODUCTS
COMPANY

                 Plaintiff,

v.

KULTHORN KIRBY
PUBLIC COMPANY LTD. and
ELCO REFRIGERATION
SOLUTIONS, LLC

                 Defendants.

Case No. _____

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

       Plaintiff Tecumseh Products Company, LLC ("Tecumseh") states as follows for its Complaint against Defendants Kulthorn Kirby Public Company Ltd. ("KKC") and Elco Refrigeration Solutions, LLC ("Elco"), upon knowledge as to Tecumseh's own acts and otherwise upon information and belief:

### NATURE OF THE ACTION

       1.     This is an action for trademark infringement and unfair competition under Federal and Michigan law.

       2.     Tecumseh brings this action to prevent and halt consumer confusion and mistake as to the source, affiliation or sponsorship of Tecumseh and Tecumseh's

goods, on the one hand, and KKC and KKC's goods, on the other hand, stemming from KKC's and Elco's infringement of Tecumseh's trademark rights as part of KKC's and Elco's efforts to wrongly profit and otherwise benefit from the goodwill Tecumseh has established in Tecumseh's trademarks.

3.     Tecumseh seeks both injunctive and monetary relief for KKC's and Elco's infringement of Tecumseh's trademark rights.

## THE PARTIES

4.     Plaintiff Tecumseh is a corporation organized under the laws of the state of Michigan with its principal place of business in Ann Arbor, Michigan

5.     Upon information and belief, Defendant KKC is a Thailand company with its principal place of business in Bangkok, Thailand.

6.     Upon information and belief, Defendant KKC also owns, controls, and is affiliated with numerous other entities. Following is a company structure chart (obtained from the webpage located at http://compressor.kulthorn.com/about/subsidiaries.aspx) showing these KKC affiliated entities.

23699962.1



7. Upon information and belief, Defendant KKC itself is owned, controlled by, and affiliated with numerous other entities throughout the world. Following is a company structure chart (obtained from the webpage located at http://www.kulthorn.co.th/companygroup.php?page=aboutus&&menu=companygroup) showing these KKC affiliated entities (collectively, the "KKC Affiliates").



8.     Tecumseh currently does not know the nature and extent of involvement, if any, of the KKC Affiliates in the allegations and claims made in this Complaint.

23699962.1

9.      Upon information and belief, Defendant Elco is a limited liability company organized under the laws of the State of California with its principal place of business 2554 Commercial Street, San Diego, California.

10.     As shown in the following Elco webpage (obtained from http://www.elcors.com/), Elco claims it was founded in 2011 and is the "Exclusive Master Distributor for Kulthorn products."



23699962.1

11.     Although Elco claims it was founded in 2011, according to the online records of the California Secretary of State, Elco was registered on February 19, 2014.

12.     On information and belief, Idin Rafiee a/k/a Dean Rafiee ("Idin") is an individual residing in the State of California.

13.     According to the online records of the California Secretary of State, Idin is the agent for service of process on Elco.

14.     Upon information and belief, and as shown in the following Elco webpage (obtained from http://www.elcors.com/) and Idin's apparent Twitter social media pages, Idin is a key Elco employee and driver of KKC compressor sales in the United States.

6



Home    Company    Products ▾    Testimonial    Support ▾    Contact Us

 "When Dean (Rafiee) and Mike (Moore) came in to introduce me to Elco. I was not sure if it was something I would want to bring in. I still remember it was late in the afternoon and I had had a very long day. To be honest you guys looked like you had had a long day as well. Still remember we stayed after closing going over the Kulthorn compressors and how you would work with me. Once they showed me what you where doing and what they would do for my company I thought what the heck. Order a few in, worse case sell some to the apartments if they do not like them switch back to my other supplier of compressors. Not only have I had little to no complaints, any issues we have had where taken care the moment I let Dean (Rafiee) know my issue. If all my suppliers would work as hard and stand behind their product like Dean has, then I would never have an issue trying new items. They have worked so well for our company in all aspects it has been a pleasure carrying Kulthorn compressors. It is easy for my counter salesmen to sale and the customers have started to ask for them when they have a compressor job. Mike (Moore) thanks for bringing Dean (Rafiee) in that day. Dean (Rafiee) thanks for being a man of your word." 

Greg Strickland - HVAC Sales & Supply

---

*Product catalog provided for PDF download*

## DOWNLOAD DOCUMENTATION ⚡

Product and Company information can be accessed for PDF download at the links to the right.



**Kulthorn Kirby Public Co.**

Kulthorn Kirby Public Company Limited is the manufacturer and seller of motor compressor, reciprocating type for refrigeration products i.e. refrigerators, freezers, water coolers, commercial refrigerators, and air conditioners.http://www.elco.com/wp-content/uploads/2014/11/Kulthorn-Catalog.pdf

[ VIEW DOWNLOAD ]

**Kulthorn Premier Company Limited**

Kulthorn Premier Co., Ltd. was established in July 2004 as a joint venture with the Premier Group to produce reciprocating compressors under license from Sanyo, Japan.

[ VIEW DOWNLOAD ]

**Kulthorn Electric**

Manufactured under technology and know-how of U.S. standards. Shaded pole and permanent split capacitor motors for fan coil and condensing unit applications from 4 watts to 500 watts.

7



23699962.1

15.    On information and belief, Idin owns and controls the actions of Elco.

16.    Upon information and belief, Pasha International Corp. ("PashaCo") was a corporation organized under the laws of the State of California with its principal place of business at 2554 Commercial Street, San Diego, California.

17.    According to the online records of the California Secretary of State, Idin was the agent for service of process on PashaCo.

18.    According to a federal criminal indictment filed January 8, 2014 against Idin, PashaCo and others ("2014 Indictment"), Idin founded PashaCo in 2011.

19.    According to the 2014 Indictment, Idin operated PashaCo to carry out a conspiracy to evade trade sanctions against Iran by unlawfully procuring more than $8 million in goods – primarily cooling equipment – for customers in Iran. Attached hereto as Exhibit 1 is a true and accurate copy of the 2014 Indictment.

20.    According to the 2014 Indictment, Idin's relationship with KKC dates back many years and, between late 2011 and 2013, landed Idin and others approximately $8 million dollars in deals for the purchase of hermetic compressors shipped to Iran.

21.    According to the Judgement in a Criminal Case dated May 20, 2016 ("Criminal Judgment") and Order of Criminal Forfeiture dated May 13, 2016 ("Forfeiture Order") entered after the Indictment, PashaCo pleaded guilty to

9

23699962.1

conspiracy to export to an embargoed country, forfeited $874,940.61 to the United States representing the proceeds of the offense of conviction, and was ordered to three (3) years of probation. A mandatory condition of PashaCo's probation is that it "shall not commit another federal, state or local crime." Attached hereto as Exhibit 2 is a true and accurate copy of the Criminal Judgment and the Forfeiture Order.

22.     On information and belief, Elco is effectively a continuation of PashaCo.

## JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338, and 15 U.S.C. § 1121, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

24.     Tecumseh's claims are based on the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and substantial and related claims under the statutory and common law of the state of Michigan.

25.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and a substantial part of property that is the subject of the action is situated in this District.

26.     Personal jurisdiction is proper in this Court because KKC and Elco regularly conduct business, directly and indirectly, within the state of Michigan.

27.     KKC's and Elco's unlawful acts that are the subject of this Complaint include acts that were purposefully directed towards the State of Michigan and within this District, and KKC's products are offered in this District.

28.     Personal jurisdiction is also proper in this Court because KKC and Elco advertise and sell KKC products in the state of Michigan and in this District, which advertising and products are the subject of this litigation.

## FACTUAL ALLEGATIONS

## Tecumseh and the AE / AE2 and AW Series Compressors

29.     Tecumseh engineers a full-line of hermetically-sealed compressors for residential and specialty air conditioning, home refrigerators and freezers, and commercial refrigeration.  Tecumseh also offers a complete line of indoor and outdoor condensing units, evaporator coils, heat pumps, complete refrigeration systems and authorized spare parts. Products are sold to Original Equipment Manufacturers, Service Technicians and Exporters.  Tecumseh's company-wide dedication to quality control has earned Tecumseh the highest quality rating from major refrigeration and air conditioning manufacturers.

30.     Since its founding, Tecumseh has led the way with improved products and service in support of the industry it serves. Tecumseh developed the first "hermetic" compressor for consumer refrigerators in 1937. As the name Tecumseh became synonymous with commercial refrigeration and central home air

conditioning, Tecumseh expanded its product line to include automotive air conditioning compressors in 1953. Tecumseh's reputation for innovation was further enhanced in 1959 when Tecumseh developed the first high-speed hermetically-sealed compressor for commercial applications.

31.   In 1960, Tecumseh first introduced its "AE" series compressors to the market with seven (7) basic models. In 1967, Tecumseh released seven (7) additional models to its "AE" series compressors. Today, Tecumseh offers over one hundred (100) models in its "AE" series compressors.

32.   In 1986, Tecumseh introduced its "AW" series compressors to the market with twenty-two (22) basic models. Today, Tecumseh offers over thirty five (35) models in its "AW" series compressors.

33.   In 2011, Tecumseh introduced its "AE2" series compressors to the market with ten (10) basic models. Today, Tecumseh offers over one hundred (100) models in its "AE2" series compressors.

34.   Tecumseh's AE / AE2 and AW series compressors are sold throughout the world, including the United States. To date, Tecumseh has sold over two hundred million (200,000,000) AE compressors throughout the world.  Tecumseh has built a significant base of business selling and marketing compressors to Original Equipment Manufacturers which has resulted in service technicians and commercial contractors using Tecumseh AE/AE2 and AW replacement compressors.

23699962.1

35.     Tecumseh has used AE/AE2 and AWon labels and tags for compressors, product packaging for compressors, and documents associated with compressors throughout the world, including the United States. Tecumseh has also used AE/AE2 and AW in advertising for compressors throughout the world, including the United States.

36.     Following are examples showing use of AE/AE2 and AW in association with Tecumseh compressors sold in the United States.

23699962.1



23699962.1









23699962.1



23699962.1



23699962.1

37.    Tecumseh's use of AE/AE2 in association with Tecumseh's AE/AE2 series compressors has created strong source identifying significance in the minds of United States consumers, namely, that AE/AE2 used in association with compressors indicates the compressors are sourced, affiliated, or sponsored by Tecumseh (the "AE Trademark").

38.    Tecumseh's use of AW in association with Tecumseh's AW series compressors has created strong source identifying significance in the minds of United States consumers, namely, that AW used in association with compressors indicates the compressors are sourced, affiliated, or sponsored by Tecumseh (the "AW Trademark").

39.    Tecumseh's use of AE2 in association with Tecumseh's AE2 series compressors has created strong source identifying significance in the minds of United States consumers, namely, that AE2 used in association with compressors indicates the compressors are sourced, affiliated, or sponsored by Tecumseh (the "AE2 Trademark").

40.    Tecumseh's AE Trademark, AE2 Trademark and AW Trademark, are widely recognized and highly distinctive trademarks as a result of Tecumseh's longstanding use in association with compressors.

23699962.1

41.     Tecumseh is the owner of United States Trademark Registration No. 5,072,832 for AE in association with "Electric compressors, compressors for commercial refrigeration and air conditioning applications" (the "AE Registration"). Attached hereto as <u>Exhibit 3</u> is a true and accurate copy of the foregoing registration from the U.S. Patent and Trademark Office ("USPTO") database.

42.     Tecumseh is the owner of United States Trademark Registration No. 5,072,835 for AW in association with "Electric compressors, compressors for commercial refrigeration and air conditioning applications" (the "AW Registration"). Attached hereto as <u>Exhibit 4</u> is a true and accurate copy of the foregoing registration from the USPTO database.

43.     Tecumseh is the owner of United States Trademark Registration No. 5,072,834 for AE2 in association with "Electric compressors, compressors for commercial refrigeration and air conditioning applications" (the "AE2 Registration"). Attached hereto as <u>Exhibit 5</u> is a true and accurate copy of the foregoing registration from the USPTO database.

44.     The AE Trademark, AE2 Trademark and AW Trademarkare very valuable to Tecumseh.

45.     Tecumseh has enjoyed tremendous success in its sales of its AE series, AE2 series and AW series compressors advertised and sold in association with the AE Trademark, AE2 Trademark and AW Trademark in the United States.

23699962.1

46.    Tecumseh has enjoyed millions of dollars of sales AE series, AE2 series and AW series and compressors in the United States in the years and decades since they were released.

## KKC'S and Elco's Acts of Infringement and Unfair Competition

47.    On information and belief, KKC was established on March 24, 1980, to operate as a manufacturer and seller of reciprocating compressors for refrigeration products, including refrigerators, freezers, commercial refrigerators and air conditioning products. KKC claims it is the first motor compressor manufacturer in Thailand and was listed in the Stock Exchange of Thailand on February 22, 1991 in the name of Kulthorn Kirby Public Company Limited or "KKC".

48.    KKC is well familiar with Tecumseh and Tecumseh's products. Indeed, KKC was a party to several manufacturing, sales and lease agreements with Tecumseh during the 1980s.

49.    The agreements between Tecumseh and KKC expired long ago.

50.    Notwithstanding the expiration of the agreements between Tecumseh and KKC, outside the United States, over time KKC has been known to use



Tecumseh's TECUMSEH mark and design mark  ("Indian Design") without authorization from Tecumseh and in defiance of Tecumseh's demands to cease such

21

usage. For example, following is an image featured on KKC's website (available at http://kulthorn.co.th/home.php) showing KKC's prominent use of Tecumseh's TECUMEH mark and Indian Design on a building believed to be located in Thailand.



51.   Now, KKC and Elco are using the marks AE and AW in association with compressors sold to, and advertising directed at, consumers throughout the world, including in the United States (collectively, the "Infringing Marks").

52.    Upon information and belief, KKC started using the Infringing Marks in the United States in the first half of 2016, long after Tecumseh commenced use of the AE Trademark, AE2 Trademark and AW Trademark in the United States.

53.    Tecumseh and KKC compete in the marketplace for the same consumers of compressors in the United States.

54.    Upon information and belief, KKC advertises and sells compressors under the Infringing Marks throughout the state of Michigan and the United States.

55.    Following are true and accurate screen captures (with the exception of inserted blue arrows) of KKC Internet webpages showing use of the Infringing Marks with KKC compressors that are accessible to consumers in the United States.



23699962.1



23699962.1



23699962.1



Kulthorn Kirby Public Company Limited

**KK** KULTHORN KIRBY PUBLIC COMPANY LIMITED

**rn Compressor**                                                Sea

Compressor > AW Series

| AE | AE A | AE V | AW | AZ | AZ A | BA | CA | GA | KA | LA | WJ |

**AW Series**
## View 360°

| Model | BOM ID | Disp (CC) | Voltage | Hz. | Refr. | App | Motor type | Capacity - ASHRAE | | Inpu |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | (W) | (BTU) | |
| AW 2435AK | 742-A0 | 48.40 | 220-240 | 50 | R12 | LBP | C.S.R. | 874 / - | 2,982 / - | 84 |
| AW 2435AK-SA | 824-A0 | 48.40 | 220-240 | 50 | R12 | LBP | C.S.R. | 874 / - | 2,982 / - | 84 |
| AW 2450Z-9 | 993-A0 | 37.50 | 380-420/460 | 50 | R404A | LBP | 3 PHASE | 1,320 / 1,430 | 4,504 / 4,879 | 925 / |
| AW 2450Z-9 | 67U-A0 | 37.50 | 380-420 | 50 | R404A | LBP | 3 PHASE | 1,320 / 1,430 | 4,504 / 4,879 | 925 / |
| AW 2450ZK | 651-A0 | 37.50 | 220-240 | 50 | R404A | LBP | C.S.R. | 1,244 / - | 4,245 / - | 92 |
| AW 2450ZK-2 | 64C-A0 | 37.50 | 208-230 | 60 | R404A | LBP | C.S.R. | 1,575 / - | 5,374 / - | 1,26 |
| AW 2450ZK-2 | 706-A0 | 37.50 | 208-230 | 60 | R404A | LBP | C.S.R. | 1,575 / - | 5,374 / - | 1,26 |
| AW 2450ZK-2P | 63E-A0 | 37.50 | 208-230 | 60 | R404A | LBP | C.S.R. | 1,575 / - | 5,374 / - | 1,26 |
| AW 2450ZK-2P | 920-A0 | 37.50 | 208-230 | 60 | R404A | LBP | C.S.R. | 1,575 / - | 5,374 / - | 1,26 |
| AW 2450ZK-2P | 63X-A0 | 37.50 | 208-230 | 60 | R404A | LBP | C.S.R. | 1,550 / - | 5,289 / - | 1,27 |
| AW 2450ZK-2SA | 850-A0 | 37.50 | 208-230 | 60 | R404A | LBP | C.S.R. | 1,575 / - | 5,374 / - | 1,26 |
| AW 2450ZK-P | 916-A0 | 37.50 | 220-240 | 50 | R404A | LBP | C.S.R. | 1,244 / - | 4,245 / - | 92 |
| AW 2450ZK-P | 990-A0 | 37.50 | 220-240 | 50 | R404A | LBP | C.S.R. | 1,244 / - | 4,245 / - | 92 |
| AW 2450ZK-P | 63Y-A0 | 37.50 | 220-240 | 50 | R404A | LBP | C.S.R. | 1,244 / - | 4,245 / - | 92 |

http://compressor.kulthorn.com/product/series.aspx?se=AW[12/16/2016 2:03:12 PM]

56.    In addition to KKC, following are true and accurate screen captures (with the exception of inserted blue arrows) of Internet webpages of Elco, which are accessible to consumers in the United States, showing use of the Infringing Marks with compressors.



23699962.1



23699962.1



AE Series | Elco

## AE SERIES

Kulthorn Compressors > AE Series

### AE SERIES

### AE SERIES

The AE Series range from 3/20-3/8 HP. They are small sized, lightweight, and have a low noise output. They are compatible with the following refrigerants: R134a, R600A, R404a, and R290. These compressors can be used for household and commercial refrigerators, water coolers, icemakers, and vending machines.

Show [10] entries                    Search: [          ]

| MODEL | DISP. (CC) | VOLT/PHASE/HZ | REF | APP | MOTOR TYPE | CAPACITY (W) | CAPACITY (BTU/HR) | INPUT (W) | COP | EER | DATA SHE |
|-------|-----------|----------------|-----|-----|------------|--------------|-------------------|-----------|-----|-----|----------|
| AE 0412Y-2 | 5.99 | 208/230-1-60 | R134a | MBP/CBP | R.S.I.R. | 370 | 1,260 | 230 | 1.61 | 5.5 | DOWNLOAD |
| AE 0412Y-2 | 5.99 | 208/230-1-60 | R134a | MBP/CBP | R.S.I.R. | 670 | 2,283 | 307 | 2.18 | 7.45 | DOWNLOAD |
| AE 1370Y-2 | 8.12 | 208/230-1-60 | R134a | LBP | R.S.I.R. | 210 | 717 | 184 | 1.14 | 3.9 | DOWNLOAD |
| AE 1360Y-2 | 9.42 | 208/230-1-60 | R134a | LBP | R.S.I.R. | 280 | 955 | 2,325 | 1.19 | 4.06 | DOWNLOAD |
| AE 1360Y-6 | 9.42 | 208/230V-1-60 | R134a | LBP | R.S.I.R. | 297 | 1,013 | 236 | 1.26 | 4.29 | DOWNLOAD |
| AE 2360Y-3 | 6.91 | 100-1-50/60 | R134a | LBP | C.S.R. | 200 | 682 | 183 | 1.09 | 3.73 | DOWNLOAD |
| AE 2370Y-2 | 8.1 | 208/230-1-60 | R134a | LBP | C.S.R. | 220 | 750 | 170 | 1.29 | 4.42 | DOWNLOAD |
| AE 2370Y-3 | 8.1 | 100-1-50/60 | R134a | LBP | C.S.R. | 237 | 809 | 216 | 1.1 | 3.74 | DOWNLOAD |
| AE 2360Y-1 | 9.42 | 115-1-61 | R134a | LBP | C.S.R. | 280 | 955 | 233 | 1.2 | 4.1 | DOWNLOAD |
| AE 2360Y-2 | 9.42 | 208/230-1-60 | R134a | LBP | C.S.I.R | 280 | 955 | 236 | 1.19 | 4.05 | DOWNLOAD |
| AE 2360Y-3 | 9.42 | 100-1-50/60 | R134a | LBP | C.S.R. | 280 | 955 | 230 | 1.22 | 4.15 | DOWNLOAD |
| AE 2410Y-1 | 9.42 | 115-1-60 | R134a | LBP | C.S.I.R | 300 | 1,024 | 260 | 1.15 | 3.94 | DOWNLOAD |
| AE 2410Y-2 | 14.14 | 208/230-1-60 | R134a | LBP | C.S.I.R | 312 | 1,065 | 307 | 1.02 | 3.47 | DOWNLOAD |
| AE 2411Y-2 | 14.14 | 208/230-1-60 | R134a | LBP | C.S.R. | 327 | 1,116 | 270 | 1.21 | 4.15 | DOWNLOAD |

http://www.elcors.com/kulthorn-compressors/compressor-ae-series/[12/17/2016 3:28:37 PM]



AW Series | Elco

## AW SERIES

### AW SERIES

The AW Series range from 1-3 HP. They have low noise output and low vibration and are available in single phase, 3-phase, and inverter motor options. This series also boasts High EER of up to 10.8 with R22/R407c and EER up to 11 with inverter types. They are compatible with the following refrigerants: R134a, R410a R22, R404a, and R407c. These compressors can be used for air conditioners, commercial refrigerators, and air conditioners in tropical environments.

Show [ ] entries                                                     Search: [        ]

| MODEL | DISP. (CC) | VOLT/PHASE/HZ | REF | APP | MOTOR TYPE | CAPACITY (W) | CAPACITY (BTU/HR) | INPUT (W) | COP | EER | DATA SH |
|-------|-----------|---------------|-----|-----|------------|--------------|-------------------|-----------|-----|-----|---------|
| AW 4495Y-2 | 30.5 | 208/230-1-60 | R134a | HBP | C.S.R. | 2,925 | 9,980 | 1,075 | 2.72 | 9.28 | DOWNLO... |
| AW 45132YK-2 | 35.6 | 208/230-1-60 | R134a | HBP | C.S.R. | 3,640 | 12,420 | 130 | 2.79 | 9.52 | DOWNLO... |
| AW 45117YK-2 | 48.4 | 208/230-1-60 | R134a | HBP | C.S.R. | 5,000 | 17,060 | 1,760 | 2.84 | 6.69 | DOWNLO... |
| AW 4532DYXIG | 53.5 | 440/460-3-60 | R134a | HBP | 3 PHASE | 6,234 | 21,270 | 1,850 | 3.37 | 11.5 | DOWNLO... |
| AW 4529YXIG | 71 | 440/460-3-60 | R134a | HBP | 3 PHASE | 8,200 | 27,980 | 2,750 | 2.98 | 10.1 | DOWNLO... |
| AW 7514YXIG | 71 | 440/460-3-60 | R134a | MBP | 3 PHASE | 4,132 | 14,100 | 1,995 | 2.07 | 7.07 | DOWNLO... |
| AW 4529EK-2 | 48.4 | 208/230-1-60 | R22 | HBP | C.S.R. | 8,148 | 27,800 | 2,780 | 2.93 | 10 | DOWNLO... |
| AW 4532EK-2 | 53.5 | 208/230-1-60 | R22 | HBP | C.S.R. | 9,370 | 31,970 | 3,228 | 2.9 | 9.9 | DOWNLO... |
| AW 55135EK-2 | 27.6 | 208/230-1-60 | R22 | HBP/AC | P.C.S. | 4,323 | 14,750 | 1,470 | 2.94 | 10.03 | DOWNLO... |
| AW 5515 EK-2 | 30.5 | 208/230-1-60 | R22 | HBP/AC | P.C.S. | 4,870 | 16,616 | 1,695 | 2.87 | 9.8 | DOWNLO... |

Showing 1 to 10 of 86 entries                               ◻ Previous  Next ◻

23699962.1





57.   KKC's and Elco's use of the Infringing Marks is not limited to the Internet. Following is an example of KKC's and Elco's use of the Infringing Marks in advertising distributed to consumers in the United States.



58.    KKC's use of the Infringing Marks extends to third party marketplaces

as well, such as Amazon.com shown in the following, where a search results for "ae

compressor" includes a KKC compressor presented as a "Kulthorn AE 4448Y-1 Refrigeration Compressor".



59.    As shown in the following screen capture of an Ebay listing, KKC's use of the Infringing Marks leads third parties to, likewise, reproduce the Infringing Marks with KKC compressors—and even intermingle such marks with Tecumseh's TECUMSEH trademark.



60.    Indeed, as shown in the following product literature, KKC and Elco are so dedicated to promoting consumer confusion that they slavishly mimicked

Tecumseh's compressor model nomenclature in creating KKC's compressor model nomenclature—all in an unabashed effort to free ride off the goodwill and consumer recognition of Tecumseh's AE Trademark, AE2 Trademark and AW Trademark.

## Tecumseh Compressor Model Nomenclature





61.  Upon information and belief, KKC and Elco have targeted Tecumseh authorized wholesalers and current OEM customers promoting what KKC and Elco call the Tecumseh AE or AW compressor.

62.  Consumers have actually been confused by KKC's and Elco's use of the Infringing Marks. For example, consumers have communicated with Tecumseh seeking to order compressors advertised and sold by KKC and Elco unlawfully using the Infringing Marks.

63.    On March 10, 2016, Tecumseh sent a letter to KKC demanding that KKC cease use of AE 444OY-1 in connection with compressors. A copy of the March 10 letter Tecumseh sent to KKC is attached as <u>Exhibit 6</u>.

64.    On March 17, 2016, KKC responded stating it was "looking into" the matter and would reach out "as soon as" KKC gathered more information. A copy of the March 17 letter Tecumseh received from KKC is attached as <u>Exhibit 7</u>.

65.    Notwithstanding these assurances, KKC failed to timely respond, prompting Tecumseh to send a letter to KKC on May 11, 2016, repeating Tecumseh's demands and requesting a response within 14 days. A copy of the May 11 letter Tecumseh sent to KKC is attached as <u>Exhibit 8</u>.

66.    Ultimately, KKC (through legal counsel) represented that it would provide a substantive response to Tecumseh's demand by June 10, 2016.

67.    Notwithstanding this representation, KKC again failed to provide a substantive response as promised.

68.    Upon information and belief, KKC and Elco continue to use the Infringing Marks in the United States in connection with compressors.

69.    The natural, probable, foreseeable and actual result of KKC's and Elco's wrongful conduct is to cause consumer confusion, deception and mistake in the marketplace, to harm Tecumseh's business reputation and goodwill, and injure Tecumseh's relationships with existing and prospective consumers.

23699962.1

70.     Upon information and belief, KKC's and Elco's wrongful conduct has resulted in increased sales of KKC's compressors while hindering the sales of Tecumseh's compressors.

71.     Tecumseh has sustained, and will continue to sustain, damages as a result of KKC's and Elco's wrongful conduct.

72.     Upon information and belief, KKC and Elco are aware of Tecumseh's AE Trademark, AW Trademark, and AE2 Trademark, the goodwill associated with those trademarks, and that KKC and Elco cannot use the Infringing Trademarks as a source indicator for KKC's compressors.

73.     As a party to prior agreements with Tecumseh, KKC has had exposure to Tecumseh's compressors, Tecumseh's intellectual property, and the goodwill Tecumseh has created in the AE Trademark, AE2 Trademark and AW Trademark through Tecumseh's use of those marks in association with compressors.

74.     Indeed, by expressly referencing "The *Famous* AE 4440Y-1" (emphasis added) compressor, KKC's and Elco's advertising testifies to the enormous goodwill Tecumseh has established through Tecumseh's use of its AE Trademark in association with compressors.

75.     Upon information and belief, KKC and Elco have engaged in these unlawful activities knowingly and intentionally, and with reckless disregard for Tecumseh's rights in the AE Trademark, AE2 Trademark and AW Trademark.

40

76.     Indeed, based on the 2014 Indictment and information and belief, Elco (as the successor to PashaCo) and Idin are no strangers to activity involving KKC, and KKC compressors, reaching a criminal level of disregard for the laws of the United States.

## COUNT I - FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

77.     Tecumseh incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

78.     KKC and Elco have used in commerce a colorable imitation of Tecumseh's AE Trademark, AE2 Trademark and AW Trademark in connection with the sale, offering for sale, distribution, and/or advertising of goods likely to cause confusion, or to cause a mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

79.     Tecumseh's federal registrations on the Principal Register of the U.S. Patent and Trademark Office for the AE Trademark, AE2 Trademark and AW Trademark constitute *prima facie* and/or conclusive evidence of the validity of the marks, Tecumseh's ownership of the marks, and Tecumseh's exclusive right to use the marks in commerce in connection with the listed goods, pursuant to the Lanham Act, 15 U.S.C. § 1115.

80.     KKC's and Elco's use of colorable imitations of Tecumseh's AE Trademark, AE2 Trademark and AW Trademark has been and continues to be done

41

with the intent to cause confusion, mistake and to deceive consumers concerning the source and/or sponsorship of KKC's goods.

81.    As a direct and proximate result of KKC's and Elco's actions, Tecumseh has suffered and will continue to suffer irreparable harm to Tecumseh's valuable AE Trademark, AE2 Trademark and AW Trademark and to Tecumseh's business, goodwill, reputation and profits.

82.    Tecumseh will continue to be irreparably harmed unless KKC and Elco are restrained from further infringement of Tecumseh's AE Trademark, AE2 Trademark and AW Trademark. An award of monetary damages alone cannot fully compensate Tecumseh for its injuries and Tecumseh lacks an adequate remedy at law.

83.    KKC's and Elco's foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

84.    Tecumseh is entitled to a permanent injunction against KKC and Elco, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits and costs and attorney's fees.

## COUNT II - FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP (15 U.S.C. § 1125(a))

85.     Tecumseh incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

86.     Tecumseh's AE Trademark, AE2 Trademark and AW Trademark are well-established marks that serve to identify the goods sponsored, approved by, authorized by, associated with, or affiliated exclusively for the use of Tecumseh for its compressors.

87.     KKC and Elco have knowingly used and continue to use colorable imitations of Tecumseh's AE Trademark, AE2 Trademark and AW Trademark in connection with compressors that KKC and Elco advertise, promote and sell. KKC's and Elco's actions render this case exceptional within the meaning of 15 U.S.C. §1117(a).

88.     Upon information and belief, prior to the KKC's and Elco's use of the Infringing Marks, KKC and Elco had actual and constructive knowledge of Tecumseh's use and ownership of the AE Trademark, AE2 Trademark and AW Trademark in connection with Tecumseh's compressors.

89.     Upon information and belief, KKC and Elco have used and continue to use the Infringing Marks in association with compressors in a manner that is likely to confuse, mislead, or deceive customers, purchasers, and members of the general

public as to the origin, source, sponsorship, or affiliation of KKC, Elco and KKC's goods, and is likely to cause consumers erroneously to believe that KKC's goods have been authorized, sponsored, approved, endorsed, or licensed by Tecumseh or that KKC and Elco are affiliated with Tecumseh.

90.     KKC's and Elco's use of the Infringing Marks in association with compressors constitutes false designation of origin and/or sponsorship and unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

91.     As a direct and proximate result of KKC's and Elco's actions, Tecumseh has suffered and will continue to suffer irreparable harm to Tecumseh's valuable AE Trademark, AE2 Trademark and AW Trademark and Tecumseh's business, goodwill, reputation and profits.

92.     Tecumseh will continue to be irreparably harmed unless KKC and Elco are restrained from further infringement of Tecumseh's valuable AE Trademark, AE2 Trademark and AW Trademark.

93.     An award of monetary damages alone cannot fully compensate Tecumseh for its injuries, and Tecumseh lacks an adequate remedy at law.

94.     The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

23699962.1

95.     Tecumseh is entitled to a permanent injunction against KKC and Elco, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits and costs and attorney's fees.

## COUNT III – STATE COMMON LAW TRADEMARK INFRINGEMENT

96.     Tecumseh incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

97.     Tecumseh first used the AE Trademark to sell compressors at least as early as 1960.

98.     Tecumseh first used the AW Trademark to sell compressors at least as early as 1986.

99.     Tecumseh first used the AE2 Trademark to sell compressors at least as early as 2011.

100.    The AE Trademark, AE2 Trademark and AW Trademarkhave become widely known throughout the United States and consumers have come to identify Tecumseh as the exclusive source of the goods to which the AE Trademark, AW Trademark, and AE2 Trademark are applied.

101.    The AE Trademark, AE2 Trademark and AW Trademark are or have become distinctive.

102. KKC and Elco continue to advertise, promote, and sell goods using the AE Trademark, AE2 Trademark and AW Trademark, or colorable imitations thereof, with knowledge of and with intentional disregard of Tecumseh's rights.

103. Such acts by KKC and Elco have caused and continue to cause confusion as to the source and/or sponsorship of KKC, Elco and KKC's goods.

104. KKC's and Elco's acts constitute willful infringement of Tecumseh's exclusive rights in the AE Trademark, AE2 Trademark and AW Trademarkin violation of the common law of the state of Michigan and other states.

105. As a direct and proximate result of KKC's and Elco's conduct, Tecumseh has suffered irreparable harm to Tecumseh's valuable AE Trademark, AE2 Trademark and AW Trademark.

106. Tecumseh will continue to be irreparably harmed unless KKC and Elco are restrained from further infringement of Tecumseh's AE Trademark, AE2 Trademark and AW Trademark.

107. An award of monetary damages alone cannot fully compensate Tecumseh for its injuries, and Tecumseh lacks an adequate remedy at law.

## COUNT IV – STATE COMMON LAW UNFAIR COMPETITION

108. Tecumseh incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

109.   KKC and Elco have engaged in unfair competition under the common law of the state of Michigan and other states based on its acts as alleged in this Complaint.

110.   KKC and Elco are liable to Tecumseh for unfair competition under the common law of the state of Michigan and other states.

111.   Upon information and belief, KKC's and Elco's acts alleged in this Complaint were willful and intended to cause confusion, mistake or deception.

112.   As a direct and proximate cause of KKC's and Elco's conduct, Tecumseh has suffered, is suffering and will continue to suffer irreparable damages in an amount to be proved at trial.

113.   An award of monetary damages alone cannot fully compensate Tecumseh for its injuries, and Tecumseh lacks an adequate remedy at law.

## COUNT V – VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT (MICHIGAN STATUTORY LAW)

114.   Tecumseh incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

115.   KKC's and Elco's sale of KKC products constitutes "trade or commerce" within the meaning of § 445.902(1)(g) of the Michigan Consumer Protection Act ("MCPA"), MCL § 445.901, et seq.

116.   KKC's and Elco's actions as alleged in this Complaint have and are causing confusion or misunderstanding as to the source, sponsorship, approval and/or certification of goods within the meaning of the MCPA. MCL § 445.903(1)(a).

117.   Tecumseh has suffered irreparable harm as a direct and proximate result of KKC's actions.

118.   An award of monetary damages alone cannot fully compensate Tecumseh for its injuries, and Tecumseh lacks an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Tecumseh prays for judgment against KKC and Elco as follows:

1.   A determination that KKC and Elco have violated 15 U.S.C. § 1114(1)(a), that Tecumseh has been damaged by such violations, and that KKC and Elco are liable to Tecumseh for such violations;

2.   A determination that KKC and Elco have violated 15 U.S.C. § 1125(a), that Tecumseh has been damaged by such violations, and that the KKC and Elco are liable to Tecumseh for such violations;

3.   A determination that KKC and Elco have committed common law trademark infringement, that Tecumseh has been damaged by such infringement,

23699962.1

and that KKC and Elco are liable to Tecumseh for common law trademark infringement;

4.     A determination that the KKC and Elco have committed common law unfair competition, that Tecumseh has been damaged by such unfair competition, and that KKC and Elco are liable to Tecumseh for common law common law unfair competition;

5.     A determination that KKC and Elco have violated the MCPA, and an award of all damages, including costs and reasonable attorneys' fees, as authorized by the MCPA;

6.     A determination that this case is "exceptional," in the sense of 15 U.S.C. § 1117(a);

7.     For an award of Tecumseh's damages arising out of KKC's and Elco's acts;

8.     Under all claims for relief, that an injunction be issued enjoining KKC, Elco, and their respective employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from;

a.     imitating, copying, or making any unauthorized use of Tecumseh's AE Trademark, AE2 Trademark and AW Trademark;

23699962.1

b.      importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product using any simulation, reproduction, counterfeit, copy, or colorable imitation of Tecumseh's AE Trademark, AE2 Trademark and AW Trademark;

c.      using any false designation of origin or false description or performing any act which is likely to lead members of the trade or public to believe that any service or product manufactured, distributed or sold by KKC or Elco is in any manner associated or connected with Tecumseh or is sold, manufactured, licensed, sponsored, approved or authorized by Tecumseh;

d.      engaging in any other activity constituting unfair competition with Tecumseh, or acts and practices that deceive the public and/or the trade;

9.      For an Order directing that KKC and Elco deliver for destruction all products, labels, badging, tags, signs, prints, packages, videos, and advertisements in KKC's and Elco's possession or under KKC's and Elco's control, bearing or using Tecumseh's AE Trademark, AE2 Trademark and AW Trademark, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118;

10.     For an Order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted

by KKC and Elco is authorized by Tecumseh or related in any way to the Tecumseh's compressors, including but not limited to use of search engine optimization technology and other technology that would circumvent the Orders requested in this Complaint;

11.    For an Order directing KKC, Elco, and their respective agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, to file with this Court, and serve upon Tecumseh's counsel within thirty (30) days after entry of such judgment, a written report under oath, setting in detail the manner and form in which they have complied with such judgment;

12.    For an Order permitting Tecumseh, and/or auditors of Tecumseh, to audit and inspect the books, records, and premises of KKC, Elco and related corporations for a period of six (6) months after entry of final relief in this matter, to determine the scope of the KKC's and Elco's past use of Tecumseh's intellectual property, including all manufacturing, distribution, and sales of products bearing Tecumseh's AE Trademark, AE2 Trademark and AW Trademark, as well as KKC's and Elco's compliance with the orders of this Court;

13.    For an award of KKC's and Elco's profits realized by KKC's and Elco's wrongful acts, and directing that such profits be trebled, pursuant to 15 U.S.C. § 1117 and Michigan law;

51

14.    For an award of Tecumseh's actual damages, and directing that such damages be trebled, pursuant to 15 U.S.C. § 1117 and Michigan law;

15.    For an award of statutory damages to Tecumseh pursuant to 15 U.S.C. § 1117;

16.    For an award of Tecumseh's attorneys' fees, costs and disbursements incurred in this action pursuant to 15 U.S.C. § 1117 and Michigan law;

17.    For an Order requiring KKC and Elco to file with the Court and provide to Tecumseh an accounting of all sales and profits realized by KKC and Elco through the use of Tecumseh's AE Trademark, AE2 Trademark and AW Trademarkand any counterfeits, reproductions, copies, or colorable imitations thereof;

18.    For an order requiring KKC and Elco to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of KKC's compressors or Tecumseh's compressors, including without limitation, the placement of corrective advertising providing written notice to the public;

19.    For an award of interest, including pre-judgment and post-judgement interest on the foregoing sums;

20.    For an award of such other and further relief as the Court deems just and proper.

23699962.1

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Tecumseh demands a jury trial of all

issues triable by jury.


By:/s/Deborah J. Swedlow
Deborah J. Swedlow (P67844)
HONIGMAN MILLER SCHWARTZ LLP
315 East Eisenhower Parkway
Suite 100
Ann Arbor, MI 48108
(734) 418-4268
(734) 418-4269 (fax)
bswedlow@honigman.com

James M. Hinshaw,
jhinshaw@bgdlegal.com (of counsel)
Brad R. Maurer, bmaurer@bgdlegal.com (of
counsel)
BINGHAM GREENEBAUM DOLL LLP
10 West Market Street
2700 Market Tower
Indianapolis, IN 46204
(317) 968-5385

COUNSEL FOR PLAINTIFF
TECUMSEH PRODUCTS COMPANY